STATE OF IOWA v. JOHN H. CATER, Appellant.

**Appointment of Counsel :  BY WHAT JUDGE :  *After second conviction.***
Under Code, sections 5313 and 5314, providing for the appointment of counsel for defendants who "appear for arraignment without counsel," and that counsel appointed may, at his option, follow the case "into the supreme court," a district court cannot appoint counsel to prosecute an appeal to the supreme court, and to retry the case if a new trial is granted, where the request for the appointment of such counsel is made after the defendant's conviction on a second trial. (No statutory affidavit was filed and there was conflict on defendant's ability to pay.—*Reporter.*)

**Appeal :  TRANSCRIPT AT EXPENSE OF COUNTY.**  Under Code, section 254, providing that a transcript of the evidence may be ordered at the expense of the county if the accused "shall satisfy a judge of the court from which the appeal was taken" that he is unable to pay for it, where a criminal case has been taken from one county to another on a change of venue, and there tried and an appeal taken, none but a judge of the court which tried the case can order a transcript of the evidence at the expense of the county, or appoint counsel.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, OCTOBER 3, 1899.

DEFENDANT was convicted in the Fayette county district court of the crime of murder in the second degree.   From the judgment of that court he appealed.   After his conviction he filed a motion in the Winneshiek county district court, asking that a transcript of the shorthand reporter's notes be ordered at the expense of the county, and that the court appoint an attorney to prosecute an appeal to this court.   This motion was overruled, and the present appeal is from this order.—*Affirmed.*

*John B. Kaye* and *J. J. Cameron* for appellant.

*Milton Remley,* Attorney General, and *N. Willett,* County Attorney, for the State.

DEEMER, J.—The statutes relied on by appellant are as follows: "If a defendant in a criminal cause has perfected an appeal from a judgment against him, and shall satisfy a judge of the court from which the appeal is taken that he is unable to pay for a transcript of the evidence, such judge may order the same made at the expense of the county." Code, section 254. "If the defendant appears for arraignment without counsel, * * * and if he is unable to employ any, the court must allow him to select or assign him counsel." Code, section 5313. "Such an attorney need not follow the case into another county or into the supreme court, but if he does so he shall receive an enlarged compensation on a scale corresponding to that fixed by this section. To be entitled to such compensation the attorney must file with the court his affidavit that he has not directly or indirectly received or entered into a contract to receive any compensation for such services from any source." Code, section 5314. The indictment was found by the grand jury of Winneshiek county, and, after a reversal of the case in this court on the first appeal (see 100 Iowa, 501), the venue was changed to Fayette county, and the case was tried there. The motion, as we have seen, was filed in, and submitted to, the district court of Winneshiek county after the conviction in Fayette county.

There are at least two good reasons why the motion was properly overruled. The first section we have quoted gives the judge of the court from which the appeal was taken power to order a transcript at the expense of the county. The judge who tried the defendant in the Fayette county district court is the only one that had authority to grant defendant's request for an extension of the shorthand notes at the expense of the county. The district court of Win-

neshiek county had no authority to make such an order. The whole matter is statutory, and one who would avail himself of the benefits of the statute must bring himself clearly within its terms.

Again, the case was taken on change of venue to Fayette county, and it seems to us that that county is primarily liable for the expense of such a transcript. The statute provides that "the county to which the change is granted must  *  *  * proceed therein to trial, judgment and execution in all respects as if the indictment had been found by the grand jury impaneled in such court.  *  *  *  And that *  *  *  all  *  *  *  expenses and costs necessary and consequent upon such damage and trial  *  *  *  shall be allowed by the court trying the case, and all such expenses and costs may be recovered by the county to which the trial is changed  *  *  *  against the county in which the prosecution was commenced." Code, sections 5353, 5354. It is the court of the county trying the case which must allow the costs necessary and consequent upon the trial. The district court of Winneshiek county had no authority to make any such order or allowance. As sustaining these conclusions, see *Lockart v. Montgomery County,* 76 Iowa, 79.

II. When defendant appeared for arraignment, he had selected his counsel, and did not ask that they be appointed for him. His first request was made when the motion we are considering was filed, which was after the second trial in the district court. In that motion he asked that Mr. John B. Kaye be appointed by the district court to prosecute his appeal, and to retry the case in Fayette county, in the event a new trial was awarded. We have quoted the only statutes that give the district court the power of appointment, and it will be noticed that they do not cover such a case as is here presented. Section 5314 provides, in substance, that an attorney appointed to defend may, at his option, follow a case to this court, and, if he does, receive an enlarged com-

pensation, etc. But there is no power in the district court to appoint an attorney to prosecute an appeal to this court. Whether or not this court has authority to make such an appoinment does not properly arise upon this record, and we therefore do not consider that question. *State v. Behrens,* 108 Iowa, 58, throws some light upon the matter we are now considering. For these reason the district court did not err in overruling defendant's motion. Aside from these considerations, however, we may say that the court may well have found that defendant was not without means to prosecute his appeal. The evidence on this point was in conflict, and we would not feel justified in disturbing the finding of the trial court. Again, there is no such affidavit in the record as is required by section 5314 of the Code. The order is AFFIRMED.