Walter S. SURREY, Appellant,

v.

Rita S. SURREY, Appellee.

No. 2241.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 11, 1958.

Decided Sept. 3, 1958.

Leonard Braman, Washington, D. C., with whom David G. Bress, Washington, D. C., was on the brief, for appellant.

Evelyn N. Cooper, Washington, D. C., with whom Joseph H. Sharlitt, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

This proceeding is the aftermath of a legal contest between two parents for the custody of their two minor children. After a long trial in the Domestic Relations Branch of the trial court before Judge Myers, he found "that from the standpoint of education, morality, religious interest and social attainment, both the mother and the father appear to be equal"; but he further found that the mother "has been the unfortunate victim of a serious mental illness," diagnosed as "Schizophrenia, Paranoid type," and that he was not satisfied she was fully recovered and would not be subject to further recurrences of her illness. Accordingly he concluded: "The best interests of the children require that custody be given to the plaintiff father with whom they are now living, subject to the right of the defendant mother to see and visit with them at stated intervals."

In accordance with these findings an order was entered on December 2, 1957, awarding custody to the father, "with the right reserved to the defendant, Rita S. Surrey, to see and visit with said minor children on alternate Sundays commencing *December 15, 1957,* until further order of this Court, upon the condition that said children shall be brought to defendant's house in the District of Columbia by their nurse-maid or other competent person authorized by the plaintiff, where said minor children shall remain with the defendant without interference during the hours of 9:30 A.M. and 4:30 P.M. on each designated visit, and said nurse-maid or other competent person aforesaid shall remain at said house during the period of said visit and thereafter return said children to their home with plaintiff, and said children shall not be taken outside of the District of Columbia for any purpose without permission granted in advance by the plaintiff."

Apparently the right of visitation was exercised by the mother until March 1958 when she was admitted to St. Elizabeths Hospital for mental examination. When this occurred the father moved to terminate the visitation rights and on March 21 Judge Myers ordered that the visitation rights be "suspended until the further order of this Court." On April 2 she was found to be of unsound mind and committed to St. Elizabeths Hospital. On June 3 she was discharged from the hospital and on June 4 an order was entered by the United States District Court for the District of Columbia restoring her "to her former legal status as a person of sound mind."

Prior to her discharge from St. Elizabeths Hospital and while she was on "visit status," her counsel filed a motion asking that the visitation rights granted by the order of December 2, 1957, and suspended by the order of March 21, 1958, be reinstated. The husband opposed this motion "on the ground that defendant's present condition is such that visitation with the children would not be in the best interests of the children." Several weeks after entry of the District Court's order restoring the wife to her former legal status as one of sound mind, the motion for reinstatement of visitation rights came on for hearing in the Domestic Relations Branch

before Judge Burnett. On June 25 he entered an order granting visitation rights to the wife on practically identical terms with those granted by Judge Myers' order of December 2, 1957. The father has appealed from that order.

He contends that the order reinstating the wife's visitation rights was granted purely on the basis of the order of the District Court; and that the judge was in error in failing to exercise his independent judgment on the issue before him. To some extent the record bears out this contention, as evidenced by the following remarks of the judge during the hearing:

> "I'm not going behind the order of the District Court. I don't have any jurisdiction to do that. * * * If this order says she is restored to sanity, there is nothing I can do about it. * * * I'm not going behind that order. That is res judicata."

■■ It is not clear to us exactly what the judge meant by these and other similar remarks, but they indicate that he attached undue importance in this proceeding to the District Court order. The issue before the judge was not whether the wife was of sound or unsound mind. The issue concerned her right to visit with her children, and her mental condition was not determinative of that issue, though of course it was entitled to consideration. Even if the mother is mentally ill, this would not ipso facto deprive her of the privilege of seeing her children.

■ When custody of children has been awarded to one parent, the parent deprived of their custody has the right of visitation with the children and ought not to be denied that right unless by his conduct he has forfeited his right, or unless the exercise of the right would injuriously affect the welfare of the children. "The right of visitation is an important, natural and legal right, although it is not an absolute right, but is one which must yield to the good of the child." 2 Nelson, Divorce and

Annulment § 15.26 (2d ed. 1945). The right of access to one's child "should not be denied unless the chancellor is convinced that such visitations are detrimental to the best interests of the infant." Townsend v. Townsend, 205 Md. 591, 109 A.2d 765, 768.

■ In the instant case the issue, as raised by the father's opposition, was whether the right of visitation by the mother would have an injurious effect on the children; but no evidence was received on this issue. If the father has any evidence to support his contention he should be allowed to present it. In fairness we must say that had he properly proceeded he probably would have been allowed to present his evidence. Instead, he improperly took the position that it was "obvious" that the mother had "not reached a level of recovery or improvement that would prevent her from being harmful to the children" and that the "burden" was upon her "to show that visitation would not be harmful to the welfare of these children." The burden, if there was one, was on the father to show that the mother's exercise of her right to see her children should be denied because it would injuriously affect the children. However, it cannot with certainty be said that the judge would have received the evidence if properly offered because, referring to the order of the District Court, the judge said: "If the order says that the woman is restored to sanity, I'm going to restore these orders, and if it doesn't say that, then I'll listen to you."

The record convinces us that the order reinstating the right of visitation should be vacated and the case remanded for a full hearing and determination on the issue presented. In this connection we should point out that when the motion was presented to Judge Burnett he very properly suggested that it should be heard by Judge Myers, and he only consented to hear it when one of the wife's attorneys stated: "Judge Myers has declined to hear these

motions." We do not know whether this meant that Judge Myers declined to hear the motion on that particular day or whether he declined to hear it at any time. We suggest that, unless there are compelling reasons to the contrary, the rehearing be heard by Judge Myers who heard the custody case, gave the right of visitation and then suspended such right. Obviously he is in the best position to hear the present motion.

■ One other matter deserves attention. When the father opposed the grant of the motion, he sought an order requiring the mother to submit to a mental and physical examination. Judge Burnett denied this request and the father asserts that its denial was error. The grant of such an order in this type of proceeding is discretionary. On remand if the trial judge feels such an examination would aid him in his determination of the issue, he may order it.

Remanded with instructions to vacate order of June 25, 1958, in so far as it relates to visitation rights, and for further proceedings in accordance with this opinion.