RONALD MERLE WEAVER, petitioner, v. MAURICE C. HERRICK, Judge of Fifth Judicial District (Warren County), respondent.

No. 52026.

(Reported in 140 N.W.2d 178)

February 8, 1966.

Henry Wormley, of Des Moines, for petitioner.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Maynard Hayden, of Indianola, County Attorney, for respondent.

MASON, J.—Petitioner, Ronald Merle Weaver, was granted review by certiorari of an order of the district court of Warren County, Maurice C. Herrick, Judge, refusing to appoint counsel to carry on his appeal and furnish other costs of appeal from his conviction of the crime of breaking and entering contrary to section 708.8, Code, 1962, and sentence to the men's reformatory at Anamosa for a term not to exceed ten years.

Petitioner had been represented in the trial of the criminal case by counsel of his own choosing at his own expense. On October 12, 1965, the date set for sentencing, and after request for a bench parole had been denied, petitioner for the first time stated in open court he was without funds and believed he had not had a fair trial. He then made oral application to the court as an indigent for an order authorizing employment of an attorney, obtaining transcript of evidence and printing of the record and necessary briefs, all at the expense of the county. October 18 the trial court denied the application on the ground the appeal was not in good faith under the record but would be unreasonable and capricious.

November 10 petitioner made written application supported by affidavit to the same court substantially repeating his oral application. November 12 the court entered an order denying the application for the reasons stated in the previous order.

In connection with its ruling the court filed findings of fact stating the employment of counsel in the trial court at petitioner's expense was some indication he had means to pay his attorney and the costs of appeal, substantial evidence in the case clearly furnished corroboration beyond a reasonable doubt to the

court which required submission of the cause to the jury and its verdict was clearly and amply supported by the evidence. The findings further recite petitioner presented no evidence in his own behalf, failed to call as witnesses his parents who were present in the courtroom during the trial; offered no evidence to explain his presence in close proximity to the stolen property almost immediately after the robbery was committed, conviction by the jury would have been warranted without the testimony of the accomplices and the trial court had some discretion in determining the good faith of the appeal.

The court expressed doubt as to his authority to appoint counsel to prosecute an appeal to this court where defendant was represented at the trial by attorneys employed by him.

I. Petitioner contends the respondent court erred in refusing to appoint counsel for him as an indigent upon his motion therefor and in refusing to direct the furnishing of the transcript of the trial and payment of costs of record and briefs by the county for his appeal to this court.

"It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. [citing case] But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty." Griffin v. Illinois, 351 U. S. 12, 18, 76 S. Ct. 585, 590, 100 L. Ed. 891, 898.

The matter of appeal by a defendant in a criminal case is not discretionary in Iowa. He may appeal as a matter of right. Section 793.1, Code, 1962, provides that either the defendant or state may appeal.

Rule 16 of this court provides that if a defendant in a criminal case appeals and desires to submit the case upon a printed abstract of the record, brief and argument, he shall follow certain procedures therein set out.

The provisions of this rule, like the right to appeal, is available to all convicted defendants. Printing the record and necessary briefs costs money. Defendants who are able to pay for such printing are thus assured of a full review on their appeal. To assure an indigent defendant the same rights as are

afforded a defendant with means, section 793.8, Code, 1962, provides for furnishing him a transcript at county expense, and section 775.5, as amended by chapter 449, Laws Sixty-first General Assembly, provides for payment of the printing of the trial record and necessary briefs. The alternative of rule 16 is an appeal on a clerk's transcript.

Lane v. Brown, 372 U. S. 477, 483, 83 S. Ct. 768, 772, 9 L. Ed.2d 892, 897, quotes Griffin v. People of State of Illinois as holding: "A State with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide 'means of affording adequate and effective appellate review to indigent defendants.' * * * 'Destitute defendants,' * * * 'must be afforded as adequate appellate review as defendants who have enough money to buy transcripts.'" See also Draper v. State of Washington, 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed.2d 899, and Griffin v. People of State of Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891.

In Draper v. State of Washington, 372 U. S., at 488, 83 S. Ct., at 775, 9 L. Ed., at 901, it is said: "This Court has dealt recently with the constitutional rights of indigents to free transcripts on appeal in Griffin v. Illinois, 351 U. S. 12 [76 S. Ct. 585, 100 L. Ed. 891], and Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U. S. 214 [78 S. Ct. 1061, 2 L. Ed.2d 1269]. The principle of Griffin is that '(d)estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts,' 351 U. S., at 19 [76 S. Ct., at 591], a holding restated in Eskridge to be 'that a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials,' 357 U. S., at 216 [78 S. Ct., at 1062]. In Eskridge the question was the validity of Washington's long-standing procedure whereby an indigent defendant would receive a stenographic transcript at public expense only if, in the opinion of the trial judge, 'justice will thereby be promoted.' Id., at 215 [78 S. Ct. 1062]. This Court held per curiam that, given Washington's guarantee of the right to appeal to the accused in all criminal prosecutions, * * * '(t)he conclusion of the trial

judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript,' * * * and remanded the cause for further proceedings not inconsistent with the opinion. In response, * * * the Supreme Court of Washington formulated a new set of rules to govern trial judges in passing upon indigents' requests for free stenographic transcripts. * * *

"It is the application of these rules which is asserted by petitioners in the present case to be inconsistent with their constitutional rights as declared in the Griffin and Eskridge cases. * * *

"Petitioners contend that the present Washington procedure for indigent appeals has not cured the constitutional defects disapproved in Eskridge. They argue that a standard which conditions effective appeal on a trial judge's finding, even though it be one of nonfrivolity instead of promotion of justice, denies them adequate appellate review. Under the present standard, just as under the disapproved one, they must convince the trial judge that their contentions of error have merit before they can obtain the free transcript necessary to prosecute their appeal.

"* * * In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions."

After again quoting from Eskridge, supra, the opinion continues: "* * * We hold today that the conclusion of the trial judge that an indigent's appeal is frivolous is a similarly inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves."

In Lane only the public defender could procure a transcript for an indigent.

To afford an indigent defendant an adequate appeal from

his conviction, the furnishing of a transcript, printed record, and necessary briefs is required.

As bearing on the question discussed in this division, see Schmidt v. Uhlenhopp, Judge, 258 Iowa 771, 140 N.W.2d 118.

II. In Douglas v. People of State of California, 372 U. S. 353, 354, 83 S. Ct. 814, 815, 816, 9 L. Ed.2d 811, 813, although several questions were presented in the petition for certiorari, the court directed its attention to only one of them. Petitioners requested, and were denied, the assistance of counsel on appeal, even though it plainly appeared they were indigents.

"In denying petitioners' requests, the California District Court of Appeal stated that it had 'gone through' the record and had come to the conclusion that 'no good whatever could be served by appointment of counsel.' * * * The District Court of Appeal was acting in accordance with a California rule of criminal procedure which provides that state appellate courts, upon the request of an indigent for counsel, may make 'an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. * * * After such investigation, appellate courts should appoint counsel if in their opinion it would be helpful to the defendant or the court, and should deny the appointment of counsel only if in their judgment such appointment would be of no value to either the defendant or the court.' "

In Griffin v. State of Illinois and Draper v. State of Washington, both supra, the right to a free transcript was in issue. In Douglas v. State of California, supra, "the issue is whether or not an indigent shall be denied the assistance of counsel on appeal. In either case the evil is the same: discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.' "

We are dealing only with the first appeal granted as a matter of right from a criminal conviction. "* * * [W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. State of California, 372 U. S., at 357, 83 S. Ct., at 816.

■ "So, under Gideon [Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733], states must now provide counsel for indigent defendants in criminal cases to the same extent as the United States, under like circumstances, must do so in Federal cases." McDonald v. Moore, 5 Cir. (1965), 353 F.2d 106, 108.

■ It is true perfecting an appeal generally divests the trial court of jurisdiction. of the matter. State v. Young, 255 Iowa 447, 449, 122 N.W.2d 847, 848. However, we now hold that even though a defendant in a criminal case has been represented at the trial by an attorney of his own choosing at his own expense, the trial court should appoint counsel at county expense to assist him in his appeal of the case upon a proper showing that defendant is unable to employ counsel for that purpose. "Ability to employ counsel fairly implies ability to pay him reasonable compensation. * * * (A)n attorney should not be expected to defend an accused gratuitously." Schmidt v. Uhlenhopp, Judge, supra. He is also entitled to a transcript of the evidence and cost of printing the record and necessary briefs as provided in section 775.5 as amended by chapter 449, Laws Sixty-first General Assembly. Such fees are payable in the same manner as fees for court-appointed trial counsel. State v. Griffin, 257 Iowa 852, 856, 135 N.W.2d 77, 80. We think a proper showing was made here.

So far as State v. Cater, 109 Iowa 69, 72, 80 N.W. 222, or any of our earlier cases, contain language inconsistent with the foregoing pronouncement, they are no longer controlling.

· ■ III. We hold the trial court's order was an abuse of discretion and illegal within the meaning of rules 306 to 319, Rules of Civil Procedure. The writ is, therefore, sustained, the order under review is annulled, and the cause is remanded to the district court for an order appointing counsel for petitioner, furnishing a transcript and printing costs of the record and necessary briefs.—Writ sustained, orders annulled, and cause remanded.

All JUSTICES concur.