## PRICE v. PERKINS

(Two Appeals in One Record)

[No. 371, September Term, 1965.]

*Decided May 24, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*Leonard S. Jacobson,* with whom was *Preston A. Pairo, Jr.,* on the brief, for the appellant.

*John W. Hessian, III,* with whom was *John W. Hessian, Jr.,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The narrow issue in this case is whether legal services procured by a divorced mother for her infant son were necessaries for which the divorced father was liable to pay.

The setting, the facts and the history of the case are described and recited in *Price v. Price,* 232 Md. 379, in which the appeal was by the father from a decree which, among other things, ordered him, after the divorce, to pay counsel fees to a lawyer retained by the mother for legal services rendered the children of the divorced couple. It was there reiterated that if a divorced mother, or another, has furnished necessaries to her infant child the father of the child may be held liable to her or to the supplier, not in equity but in a suit at law "wherein he is entitled to have a jury pass upon questions of fact, including the inquiry as to whether the services were rendered, whether they were necessary, and whether the charge was a reasonable and proper one." It was also reiterated that the term necessaries "may, under proper circumstances, extend to the services of an attorney, if reasonable and necessary for the protection or enforcement of the property rights of the minor or his personal protection, liberty or relief."

In the present case after the decision in *Price v. Price, supra,* the lawyer brought suit at law against the father to recover his charges for the services for which the chancellor had allowed him in the earlier case and the matter was tried before Judge Proctor, sitting without a jury.

It is conceded the services were rendered and that the charges therefor are reasonable. The sole issue is whether the services were necessaries for which the father is liable. Judge Proctor found that Richard, one of the infant sons of the Prices who

was in the custody of his mother, had become emotionally disturbed to the point where it was necessary to take him to the Phipps Clinic for examination and evaluation, and that this resulted in a course of out-patient treatment which was unsuccessful. The psychiatrist whom the mother had consulted recommended a school for emotionally disturbed children in Devon, Pennsylvania, known as the Devereux School. Judge Proctor articulated his further findings in this wise:

"At that time that was the only professional opinion so far as a possible solution to Richard's problems is concerned. The Court finds that it was imperative that something be done to solve Richard's emotional problems. There was no meeting of the minds between the parties, the father and mother of Richard. They didn't know what should be done. Mrs. Price, guided by Dr. Reidy's opinion, wanted the boy to go to the Devereux School. Mr. Price did not feel, for reasons that he stated in the testimony, that such a step was required. He believed that something short of that should be done, but, as I understand the evidence, came forth with no concrete, alternative suggestion other than the Anderson School, which turned out not to be available because the boy hadn't progressed far enough in his schooling. The result of all this was that because of the difference of opinion, it was necessary for somebody to come into court, and have the Court determine judicially what would be best for the welfare and the well-being of the boy, Richard.

"So that the Court finds that the services rendered by Mr. Perkins in that proceeding were necessaries furnished to the child. Certainly, the mental health of Richard was of paramount importance, not only to him, but also important to his parents. They evidently realized that, but could not agree on what the solution should be.

"Having found that Mr. Perkins' services in that proceeding constituted the furnishing of necessaries for the infant, Richard, the question is when did that service begin, and when did it end. Based upon the testi-

mony, the Court believes that the service began on November 24th, 1961. * * * The Court further finds that such services continued until November 23rd, 1962, when there was a meeting of the minds of the parties which ended this litigation."

Judgment was entered for those services in the amount of $1,-480. We think Judge Proctor's findings of fact were justified by the evidence and that his conclusion that the lawyer had furnished necessaries to the boy for which the father was liable was correct.

Judgment also was entered for other services in the amount of $290.00 and relief denied as to still others. Although the lawyer cross-appealed from the denial of relief, he abandoned his claims at the argument, and the father did not press his appeal as to the allowance of the $290.00.

> *Judgment appealed from in the amount of $1,770 affirmed, costs to be paid by appellant.*