**Rene Evans PAINE, Jr., Appellant,**

**v.**

**Eleanor S. PAINE, Appellee.**

**No. 4916.**

District of Columbia Court of Appeals.

Argued April 6, 1970.

Decided June 26, 1970.

David F. Grimaldi, Washington, D. C., with whom Richard W. Galiher, William E. Stewart, Jr. and William H. Clarke, Washington, D. C., were on the brief, for appellant.

John Alexander, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and NEBEKER, Associate Judge, and QUINN, Associate Judge, Retired.

HOOD, Chief Judge.

This appeal presents the question whether the Domestic Relations Branch of the trial court has jurisdiction to order a father to pay his divorced wife a sum of money to reimburse her in part or in full for counsel fees expended by her in contesting his actions respecting the custody of their minor children previously awarded to her in a divorce decree in another jurisdiction. The facts giving rise to this question are as follows.

The parties were divorced in Florida in 1959 and the divorce decree confirmed a separation agreement giving custody of the two children to the mother. In 1962 the father filed an action in the trial court seeking to gain custody of the children. *The mother successfully opposed this and later actions by the father.* Some of the

details of the litigation may be found in our opinion in Paine v. Paine, D.C.App., 201 A.2d 20 (1964). The last proceeding was brought by the father in 1965 and was terminated in 1966. At this hearing the question of the father's obligation to reimburse the mother for counsel fees was raised and taken under advisement by the trial court. In 1968 the trial court, reciting some of the facts of the previous litigation, concluded that the mother's expenditures for counsel fees were "necessitated for the welfare and best interests of minor children in the matter of their custody and maintenance", and ordered the father to pay the mother a sum of money, substantial in nature but less than the amount she had actually paid her attorney.

The husband does not contest his ability to pay or the reasonableness of the amount awarded. His position is that the court lacked jurisdiction to make any award.

We have no statute specifically authorizing counsel fees in this type of proceeding,[1] but in our opinion the court is authorized to make such an award, not as counsel fees per se to the mother, but as reimbursement to her for necessaries for the minor children. As a part of his legal duty to support his minor children, a father is liable for the necessaries furnished them.[2] Food, clothing and lodging are commonly considered necessaries, but we think counsel fees are also necessaries when counsel must be engaged to protect a minor's welfare.

Here, legal custody of the children had been placed in the mother, and the father by a series of proceedings had sought to change or modify their custody. If the mother thought such change or modification would be detrimental to the children's welfare, she was obligated, or at least enti-

1. D.C.Code 1967, § 16–916 authorizes counsel fees when a father fails or refuses to maintain his children by a marriage since dissolved.

2. Maschauer v. Downs, 53 App.D.C. 142, 289 F. 540 (1923).

**358**

tled, to contest the father's claim, and she could do so only by employment of counsel for that purpose. The father, a wealthy man, engaged able counsel to present his claims and they were vigorously presented. The mother was entitled to engage able counsel to oppose those claims, and if the court found, as it did here, that her opposition to the father's claims were for the best interests of the children, she was entitled to be reimbursed by the father for the money she was compelled by him to expend for the protection of the children's welfare. As was said in Simonds v. Simonds, 81 U.S.App.D.C. 50, 53, 154 F.2d 326, 329 (1946), "[t]hat legal services were necessary to the minor is hardly open to question."

 Courts in other jurisdictions have allowed counsel fees in similar situations for a variety of reasons. See Annot., 15 A.L.R.2d 1270. In our opinion the most satisfactory ground for upholding such award is, as we have said, the requirement that the father pay for the necessaries supplied for his minor children.[3] If after conclusion of a hearing, either in an action instituted against the mother or by the mother, the court should find that the litigation was brought about by the mother's misconduct or was instituted by her for her own selfish reasons, she would not be entitled to counsel fees. It is only when the court finds that the engagement of counsel by the mother was necessary to protect the interests and welfare of the children that the court may require the father to reimburse the mother for sums reasonably expended by her for counsel fees and suit money. In the present case we think the record amply supports the award to the mother.

We have examined other contentions advanced by the father and find them without merit.

Affirmed.

3. *See* Carter v. Carter, 156 Md. 500, 144 A. 490 (1929) ; Noyes v. Jack, 443 S.W. 2d 89 (Tex.Civ.App.1969) ; Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App.1965).