**Donald D. SILL, Petitioner,**

v.

**DISTRICT COURT of Iowa In and For CLAYTON COUNTY, Honorable T. H. Nelson, Judge, Respondent.**

**No. 54449.**

Supreme Court of Iowa.

March 11, 1971.

Richard C. Turner, Atty. Gen., Max A. Gors and Michael J. Laughlin, Asst. Attys. Gen., and E. Michael Carr, Delaware County Atty., for respondent.

Swift & Swift, by John Q. Swift, Manchester, for petitioner.

RAWLINGS, Justice.

Petitioner, Donald D. Sill, was granted review by certiorari of trial court's orders denying applications for appointment of counsel, and trial transcript, for purpose of appeal from conviction of assault with intent to inflict great bodily injury and sentence accordingly entered. The writ is sustained.

Initially charged by indictment with the crime of assault with intent to murder, petitioner was found to be indigent and trial counsel thereupon appointed to represent him.

Following conviction and sentence petitioner filed verified applications for appointment of an attorney and costs of transcript, at county expense, in order to effect appeal, as an indigent, to this court. These applications were accompanied by a financial statement disclosing petitioner had $72 assets, debts totaling $893, and he received a spending money gift of $20 each week from his stepfather.

The county resisted these applications and hearing was held before respondent, a judge of the Thirteenth Judicial District. The only showing then made which could in any manner reflect upon petitioner's financial statement was that he suffered no known infirmities and had been seen drinking with some friends. Petitioner testified his efforts to secure compensatory employment had been unsuccessful.

Trial court found petitioner was not indigent and denied both applications. On application to reconsider, in light of Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178, trial court again refused petitioner's requests.

I. No useful purpose will be served by an extended discussion of the matter at hand.

Our holding in Weaver v. Herrick, *supra*, based upon an exhaustive analysis of the instant subject, is here controlling. See also The Code 1971, Chapter 336B; State ex rel. Riendeau v. Tahash, 276 Minn. 26, 148 N.W.2d 557, 559–560 (Minn.); ABA Standards Relating to Providing Defense Services, Approved Draft, § 6.1.

Each and all of trial court's orders constituted an abuse of discretion and were illegal. The writ is accordingly sustained, orders under review annulled, and this cause remanded to respondent court for an order appointing counsel for petitioner, furnishing transcript, and perforce the printing costs of record and briefs essential to a meaningful appeal.

Writ sustained, orders annulled and cause remanded.

All Justices concur, except LeGRAND and BECKER, JJ., who concur specially.

LARSON, J., who takes no part.

LeGRAND, Justice (concurring specially).

I concur in the result reached by the majority but believe the decision should be based squarely on the provisions of 336B.6, The Code, 1971. I disagree that the result here is controlled by Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178, which raised as its real issues the authority to appoint counsel for appeal when there had been no such appointment for trial and the propriety of refusing counsel to an indigent because the trial court held the appeal to be frivolous.

Here the trial court found that defendant was not indigent, a finding with which the majority neither agrees nor disagrees. Under our new statute (336B.6) it is immaterial whether this finding is right or wrong. That law requires the appointment of an attorney for *any* person asking it even if such person is financially able to employ a lawyer privately. In such case the reasonable amount of the fee is taxed as part of the court costs against him. It appears this section fits the present situation exactly. I think we should say so.