Richard Lee MOHLER, Appellant,

v.

Patsy Ann MOHLER, Appellee.

No. 6413.

District of Columbia Court of Appeals.

Argued Nov. 29, 1972.

Decided April 2, 1973.

Rehearing en Banc Denied June 1, 1973.

10. United States v. Robinson, *supra* note 2, 471 F.2d at 1108 n. 47.

11. *Cf.* McWilliams v. United States, D.C. App., 298 A.2d 38 (1972).

D. Carroll McGean, Upper Marlboro, Md., for appellant.

Malcolm W. Houston, Washington, D. C., for appellee.

Before KERN, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

The parties hereto, having separated after being married 13 years, entered into an agreement of separation, custody and support for the wife and five children. This agreement, in addition, settled the division of their property. The Court of General Sessions,[1] July 11, 1969, issued a decree of separation into which was incorporated the above agreement of the parties. Subsequent thereto, in January 1971, the wife obtained an *ex parte* divorce decree in Maryland into which this same agreement was again incorporated.

This appeal is from an order of the trial court denying a motion filed January 10, 1972, by appellant husband asking that the decree of separate maintenance and support be set aside and praying that the court enter an order determining the respective rights of the parties anew. Prior thereto, on November 24, 1971, appellant unilaterally had begun to withhold a sum equal to the wife's share of his support payments. He also had refused to execute the neces-

sary documents to permit a consummation of the sale of their real estate as he had agreed to do in the separation agreement.

Appellant's actions, like his motion, were grounded on allegations that appellee had permitted him only infrequent visits with his children. He also charged that she was attempting to discredit appellant and to destroy his reputation, image and relationship with the children.

For these reasons appellant asked for extensive revisions of the agreement including setting aside support payments to the wife, modification of the provisions for disbursement of proceeds from the sale of real estate, establishment of new provisions for his rights of visitation, and revision of the support payments for the children.

Appellee filed an opposition and a motion for summary judgment. In addition she filed a motion and affidavit to adjudicate the appellant in contempt for the inadequacy of his biweekly support payments, which he had unilaterally reduced to what he believed an appropriate level, and for his refusal to comply with the provisions of the separate maintenance decree regarding the execution of documents essential to obtain a distribution of the proceeds of the sale of certain of their real property.

The trial court ruled that it was without authority to disturb the provisions of the separate maintenance and support agreement which both parties had signed and which had been incorporated into the court decree. It noted, however, that it retained "the power to deal with the custody of the children, support, and the right of visitation." The court then found that the admitted facts before it demonstrated that the appellant was in willful contempt of the court. The court ordered that the appellant execute the documents necessary to a consummation of the real estate transaction so as to permit disbursement of the real estate proceeds and that he be placed in jail for 30 days or until such time as he

---

1. Now the Superior Court of the District of Columbia.

should purge himself of his contempt by paying the deficiency (then $975) in the support payments as of that date. Lastly the court informed the parties that on the written motion of either one it would hold a separate hearing, during the summer school recess, regarding the husband's rights of visitation. The husband chose instead to take this appeal.

We find that the aforementioned order of the trial court was proper on the record herein and it is affirmed.

■ The separation agreement provided that:

[I]t is their mutual intention to fully settle and determine all matters arising from their marital status, leaving unsettled no matter so arising, and the parties mutually desire to settle all their present and future property rights and matters of custody, support and maintenance.

. . .

Although the contract said nothing about eventual divorce, it did provide that "[s]uch support payments to the wife are to continue until she remarries or dies." We conclude that the Maryland divorce had no effect on the continued validity of this agreement.

■ The husband appears to have approached the problem of visitation, and the other difficulties with appellee set forth in his motion, as a matter of breach of contract entitling him to disregard its provisions when in fact the breach, if any, would be a violation of a decree of court for which his remedy is quite different.

■ Even if we accept the allegations in appellant's motion as true, they do not afford a legal basis upon which the trial court properly could have granted the relief he requests. Absent is a contention that appellant is no longer able to make the payments or that there has been any sub-

stantial change in his financial situation. Assuming, without deciding, that courts have the authority to modify support payments to the wife as provided in a property settlement agreement,[2] the grounds alleged here do not constitute a basis for unilateral action on appellant's part or for a court revision of support payments provided for in an agreement that was voluntarily entered into by both parties.

Why on these facts appellant has taken this course of action is far from clear. The argument in his brief virtually concedes at the outset that the law does not accord him relief in this situation. His argument begins:

The issue in this case is simple. Is there any conduct on the part of a wife and/or former wife that will authorize a court to set aside, modify or vacate a former decree predicated on a separation agreement entered by that court. The case law is clear that under those circumstances where one of that [sic] parties seeks relief from a former decree entered on the basis of a separation agreement where misconduct is not alleged, the court will not set aside, vacate or modify the decree. Davis vs. Davis, 268 A.2d 515 (D.C.App.1970).

The *Davis* decision is still valid. As recognized by the trial court, the wife's conduct here, as alleged by appellant, seems only to raise a question of visitation rights. Such rights, of course, are of vital importance to a father and the children, and are deserving of careful protection by the trial court. Nonetheless, appellant chose to pursue this appeal rather than to accept the trial court's invitation for a hearing on that issue. Such a procedure is still available to him.

While we recognize that dealings between persons divorced after several years of marriage are often highly emotional and that one can become deeply aggravated and

---

2. *See* Rogers v. Rogers, 92 U.S.App.D.C. 97, 203 F.2d 61 (1953); Le Bert-Francis v. Le Bert-Francis, D.C.Mun.App., 175 A. 2d 602 (1961); Grand v. Grand, D.C. Mun.App., 163 A.2d 556 (1960).

frustrated by the annoying and perhaps unfair actions of the other, such problems are not to be resolved here. If the husband can establish that he has unreasonably been denied visitation with his children on particular occasions after specific and reasonable requests, then he should seek the assistance of the trial court concerning his rights of visitation.

We will not disturb the trial court's ruling as to appellant's liability for appellee's attorney fees. That is an area that has always been held to be within the sound discretion of the trial court[3] and we find no abuse of that discretion.[4]

Affirmed.

---

3. Lyons v. Lyons, D.C.App., 295 A.2d 903 (1972).

4. This court earlier denied appellant's application for a stay of the order of the trial court, yet appellant has admitted in his opposition to appellee's motion for attorney fees on appeal that he is still in default of the trial court's order as to its award of attorney fees and also as to its order that appellant execute any documents necessary to permit a distribution of the balance of the escrow funds realized from the sale of the former residence. There is nothing in this record to indicate that appellant is not in contempt of the trial court's order in these respects.