Richard Lee MOHLER, Appellant,

v.

Patsy Ann MOHLER, Appellee.

No. 6413.

District of Columbia Court of Appeals.

June 1, 1973.

---

D. Carroll McGean, Upper Marlboro, for appellant.

Malcolm W. Houston, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KELLY, FICKLING, KERN, GALLA-GHER, NEBEKER, PAIR, YEAGLEY and HARRIS, Associate Judges.

## ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing *en banc* and of appellant's motion to supplement the record before this Court, and it appearing that no judge of this Court has called for a vote on the aforesaid petition and motion, it is

Ordered that appellant's aforesaid petition and motion are denied.

The division of this Court which was assigned to this case has considered appellant's petition for rehearing *en banc* as encompassing a petition for rehearing. On consideration of appellant's contentions that the opinion herein, 302 A.2d 737 relied on contained erroneous statements of fact, the division finds on review quite the contrary. The Separation Agreement was incorporated into the decree of separation and was so found by the trial judge. (Record at 91, 92, and 93.) At time of trial petitioner was still obstructing the distribution of the escrow funds from the sale of the house. (Record at 74 and 93.) A motion and affidavit for contempt was filed by appellee (Record at 75) and answered by petitioner (Record at 84) and he was found "in willful contempt" for failure "to execute the papers involved." (Record at 93, 94.) As to the issue of visitation rights, the entire controversy was based on a claim by petitioner that his right to visitation had been thwarted and he asked revision of the Separation Agreement in that regard. (Record at 33–43.) It should be pointed out as well that the appellant, as a part of his requested modification of the agreement, was asking for a change in the custody provisions for the children. (Record at 35–36.) In view of the issues raised and the appellant's unilateral withholding of part of the bi-weekly support payments, the interests and welfare of the children were clearly affected and in issue. Accordingly, the award of counsel fees was proper. Paine v. Paine, D.C. App., 267 A.2d 356 (1970).