**Richard F. DOLE, Jr. and Linda I. Dole, Plaintiffs,**

v.

**Brent G. HARSTAD, as Judge of the Juvenile Court of Iowa in and for Johnson County, Defendant.**

No. 62364.

Supreme Court of Iowa.

May 30, 1979.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for plaintiffs.

Thomas J. Miller, Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendant.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

The question presented in this certiorari action is whether defendant trial court acted illegally and in excess of its jurisdiction in a juvenile proceeding in ordering the fees of a court appointed attorney for a minor child taxed as costs against the parents of the child. We believe the order was entered without authority and sustain the writ.

Richard F. Dole, Jr. and Linda I. Dole (Doles) are plaintiffs in this certiorari action and are the parents of Richard Dole III (Richard), a minor. Defendant is a judicial magistrate acting as judge of the juvenile court.

On December 21, 1977 the county attorney filed a juvenile petition, verified by Doles, under chapter 232, The Code 1977, seeking to have Richard adjudicated as a child in need of assistance and requesting the court to issue orders for his professional evaluation and treatment.

The petition alleged Richard had struck his mother, threatened both parents and two younger children and attempted suicide. Due to a possible conflict of interest between the parents and child, trial court appointed attorney Glenn Muller as counsel for Richard. § 232.28. No financial statement was filed by Richard or his parents pursuant to section 336B.2, The Code, prior to appointment of the attorney, or at any time thereafter.

No separate counsel was appointed to represent Doles. Richard F. Dole, Jr., who is an attorney, represented himself and his wife.

By stipulation of the parties at a hearing on the petition, Richard was adjudicated in need of assistance and evaluation was ordered prior to the dispositional hearing. Ultimately, the parents voluntarily placed Richard in Discovery Land, a psychiatric facility for young people in Texas.

Richard's attorney moved to dismiss the juvenile action on the ground that further proceedings would be unnecessary.

In setting this motion for hearing, the court also ordered that the matter of possible assessment of the cost of Richard's court appointed counsel against the parents would be considered.

At the hearing on June 30, 1978, Doles stipulated that attorney Muller's requested fees of $1201 were reasonable and that Doles were not indigent.

"Based on the fact that the parents are not indigent but are financially able to secure counsel," on July 31, 1978 the court

ordered that $1201 attorney fees be paid to attorney Muller from the court fund and that the fees be taxed as court costs against Doles, the parents of the child.

Doles brought this certiorari action challenging the legality of the July 31 order.

 Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306, *In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979). This court is able "to issue writs of certiorari directed to district associate judges and judicial magistrates." *Hadjis v. Iowa District Court*, 275 N.W.2d 763, 765 (Iowa 1979).

In determining whether trial court acted illegally in ordering the fees of the court appointed attorney for the child to be taxed as court costs against the parents, we turn, first, to established principles of law.

 "The right to recover attorney fees as part of the costs does not exist at common law. They cannot be so allowed in the absence of a statute or agreement expressly authorizing it." Furthermore, "the court does not have inherent power to tax costs even to the losing party." *Thorn v. Kelley*, 257 Iowa 719, 726, 134 N.W.2d 545, 548 (1965). *See Walters v. Bartel*, 254 N.W.2d 321, 322 (Iowa 1977); 2 Vestal & Wilson, *Iowa Practice*, § 53.01(1), at 381 (1974). *Cf. State v. Smith*, 262 N.W.2d 567, 574 (Iowa 1978) (no trial court authority to tax court appointed attorney fees to criminal defendant as costs).

Court costs, in turn, "are taxable only to the extent provided by statute." *City of Cedar Rapids v. Linn County*, 267 N.W.2d 673 (Iowa 1978); *City of Ottumwa v. Taylor*, 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960).

With these principles in mind, therefore, we must examine statutory authority that may bear on the problem.

Section 232.28 pertains to appointment of counsel for the child by the court and provides in part:

The child . . . shall have the right to legal counsel. If the minor . . desire[s] but [is] unable to employ counsel, such counsel shall be appointed by the court.

The transcript does not reflect that Richard requested or was unable to employ counsel pursuant to section 232.28. However, trial court apparently, and commendably, appointed counsel for Richard to protect the child's rights.

Section 336B.2 requires that:

Before an attorney is appointed under the provisions of [section] 232.28 . . ., the court shall require the client or his parent, guardian, or custodian to complete under oath a detailed financial statement.

The court did not require Richard, or his parents, to complete a financial statement before counsel was appointed, or at any time thereafter. The parents, however, stipulated that they were not indigent.

Section 232.52(4) authorizes payment to court appointed counsel in a juvenile case as follows:

The following expenses upon certification of the judge or upon such other authorization as provided by law are a charge upon the county in which the proceedings are held.

. . . . .

(4) Reasonable compensation for an attorney appointed by the court to serve as counsel or guardian ad litem.

. . . . .

This brings us to section 336B.6 which was relied on by the trial court in taxing Richard's court appointed attorney fee as costs against Doles. Section 336B.6 states:

If a court finds that a person desires legal assistance, and is financially able to secure counsel but refuses to employ an attorney, the court shall appoint an attorney to represent such person at public expense. The attorney fee paid by the state or county in such cases shall be taxed as part of the court costs against the person receiving the legal assistance,

and the state or county shall be reimbursed for said fee when the court costs are paid.

Enactment of section 336B.6 was prompted by our decision in *Woodbury County v. Anderson*, 164 N.W.2d 129, 135 (Iowa 1969), where we held that counties may not in an equitable, civil action recover from indigent criminal defendants those sums expended for his attorney fees. Following *Anderson* the legislature enacted section 336B.6 to provide for taxation of attorney fees as costs in the rare situation wherein a person "desires legal assistance, and is financially able to secure counsel but refuses to employ an attorney." § 336B.6, The Code; *State v. Rogers*, 251 N.W.2d 239, 242–43 (Iowa 1977). Since its enactment, section 336B.6 has received little attention. *See Sill v. District Court*, 184 N.W.2d 699, 701 (Iowa 1971) (LeGrand, J., concurring specially).

Reliance upon the section to support the trial court's order is problematic when we consider the second sentence of section 336B.6. Here the statute only authorizes that the court appointed attorney fees be taxed as part of the court costs "against the person receiving the legal assistance." Therefore, assuming the other conditions had been met, section 336B.6 would only authorize the taxing of the court appointed attorney fees as court costs against Richard, the minor child, who received the legal assistance. The statute does not state the attorney fees may be taxed as court costs against anyone else.

However, in its brief, defendant argues before us that section 336B.6 must be considered with section 597.14, The Code, which provides:

The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.

Defendant contends, without authority, that court appointed attorney fees for Richard are "reasonable and necessary expenses of the family" under section 597.14 chargeable upon the property of Doles. *But cf. Sager, Sweet & Edwards v. Risk*, 190 Iowa 207, 212, 180 N.W. 299, 301 (1920) (attorney fees and expenses incurred by attorneys in defending husband on a felony criminal charge not an "expense of the family" for which the wife was liable).

Assuming, without deciding, that the fees of Richard's court appointed attorney were reasonable and necessary expenses of the family, section 336B.6 still would only authorize taxing of such fees as costs against Richard and not against Doles.[1]

We conclude that section 597.14 does not support the court's order.

Trial court's position that parents who are not indigent and are financially able to secure counsel for their minor child in a juvenile case should have any court appointed attorney fees for the child taxed to them as court costs is understandable in this age of mounting court appointed attorney fees paid from court funds supported by tax dollars. However, no statutory authority allowed trial court to enter the order before us. Neither did the court have any inherent power to do so. The practical problem trial court attempted to solve is more properly addressed by the legislature.

---

1. Our conclusion that the fees cannot be taxed as costs against Doles does not preclude an independent action by the county to recover the fees. We intimate no view of the merits of such an action. However, the question has been addressed in other jurisdictions in various contexts. It has been held that attorney fees are necessaries for which the father is liable at common law. *See, e. g., Paine v. Paine*, 267 A.2d 356 (D.C.App.1970) (Attorney fees for defense to father's modification of custody action held necessaries); *Price v. Perkins*, 242 Md. 501, 219 A.2d 557 (1966) (attorney fees for legal services procured by divorced mother in behalf of infant in action to judicially determine whether child should be enrolled in school for mentally disturbed held necessaries); *Friou v. Gentes*, 11 A.D.2d 124, 204 N.Y.S.2d 836 (1960) (attorney fees for defense to father's habeas corpus proceeding to change custody held necessaries). It also has been held that attorney fees are family expenses for which the husband and wife are liable under statute. *See State v. Clark*, 88 Wash.2d 533, 563 P.2d 1253 (1977) (attorney fees for criminal defense and appeal of a charge against the wife held a family expense under a statute substantially similar to section 597.14, The Code).

We hold that, although exercising a judicial function, trial court acted illegally in its order of July 31 taxing Richard's court appointed attorney fees against his parents.

The writ of certiorari is sustained.

WRIT SUSTAINED.

All Justices concur except McCORMICK and LeGRAND, JJ., who concur specially.

McCORMICK, Justice (concurring specially).

While I join the court's opinion, I write separately to add that I believe necessary legal services for an indigent child in a child in need of assistance proceeding are necessaries for which parents are obligated under section 597.14, The Code, and for which they may be held liable in an action by the county under that statute. In addition to the cases cited in footnote 1 of the court's opinion, see discussion and cases cited in 59 Am.Jur.2d *Parent and Child* § 55 at 145 (1971), and 67 C.J.S. *Parent and Child* § 16 at 703 (1950).

LeGRAND, J., joins in this special concurrence.