549 A.2d 760
**In re KRISTIN L. and Jennifer L.**
**Nos. 171 and 710, Sept. Term, 1988.**
Court of Special Appeals of Maryland.
Nov. 4, 1988.

Coleen S. Clemente, Westminster (Laurie R. Gitajn, Rockville, on the brief), for appellants.

Jon A. Hoppe (Charles S. Rand on the brief), Rockville, for appellee.

Argued before MOYLAN, ROBERT M. BELL, and WENNER, JJ.

MOYLAN, Judge.

This appeal presents a single, narrow question: In a CINA action, is a parent against whom attorney's fees for the child are assessed entitled to have a jury determine whether the assessment is proper and, if so, what the amount of assessment should be? Our answer is, "No."

This issue arose when Kristin L. and Jennifer L. were alleged to be Children In Need of Assistance (CINA). The CINA petition was filed in the Juvenile Division of the District Court for Montgomery County. The juvenile court judge appointed Coleen S. Clemente, Esq. to represent the interests of the two children. The power so to appoint

counsel for the children is clear. Md.Cts. & Jud.Proc.Code Ann. § 3–834(a) (1984) provides, in pertinent part:

"... [A]t any time during the pendency of any action where it appears to the court that the protection of the rights of a child requires independent representation, the court may, upon its own motion ... appoint an attorney to represent the interest of the child in that particular action. Such actions include ... those involving a child in need of assistance."

With respect to payment for the services of such attorney representing the children, § 3–834(b) is equally clear:

"The compensation for the services of the attorney may be assessed against any party or parties to the action."

After a protracted three-year litigation in this case, Ms. Clemente filed with the court her Petition for Legal Fees with supporting documentation. The court awarded to Ms. Clemente legal fees in the amount of $15,920. The fees were assessed against both the children's mother and their father, Dr. L. After repeated requests to Dr. L. to make payment had been unavailing, the court issued a show cause order. Dr. L. filed an Answer to Petition for Legal Fees in which he denied liability for services, alleged legal incompetency and unsatisfactory service, alleged an excessive hourly rate, alleged lack of benefit to the children from the services, alleged that the scope of the services exceeded what was reasonable and necessary, alleged that much of the service had accrued to the benefit of the mother and not the children, and alleged a statute of limitations defense. Most significantly, Dr. L. prayed a jury trial with respect to his alleged obligation to make the payment.

The court ruled that Dr. L. was entitled to a jury trial on the issue of the legal fees and ordered the case transferred to the Circuit Court for Montgomery County. The minor children, through their counsel Ms. Clemente, have appealed from that order. When the case was filed in the circuit court, the two minor children, in turn, filed a Motion to Strike Demand for Jury Trial. Judge William Cave granted the motion and remanded the case to the Juvenile Division

of the District Court. Dr. L. appealed from Judge Cave's order. Upon the motion of both parties, we have consolidated the two appeals.

Dr. L. predicated his argument and the juvenile court judge based his ruling upon Md.Cts. & Jud.Proc.Code Ann. § 4–402(e) (1984, 1988 Supp.), which provides:

> "Jury trial.—(1) In a civil action in which the amount in controversy exceeds $500, exclusive of attorney's fees if attorney's fees are recoverable by law or contract, a party may demand a jury trial pursuant to the Maryland Rules."

We hold that the order to transfer the question of Dr. L's liability for the assessed attorney's fees to the circuit court for purposes of a jury trial was in error. The assessment of the attorney's fees to Dr. L. by the juvenile court judge in this case was simply not a "civil action" within the contemplation of § 4–402(e). This was not an action brought by one party against another for the recovery of attorney's fees. This was but an ancillary aspect of a juvenile court proceeding, a proceeding in which there is no entitlement to trial by jury.

Dr. L. relies almost exclusively on three cases—*Serabian v. Alpern,* 284 Md. 680, 399 A.2d 267 (1979); *Price v. Perkins,* 242 Md. 501, 219 A.2d 557 (1966); and *Price v. Price,* 232 Md. 379, 194 A.2d 99 (1963)—all of which we find inapposite. Those cases involved legal expenses initially incurred by one parent who then sought payment of the legal fees by the other parent on the ground that the legal fees were "necessaries" for which the other parent was legally responsible. That situation is far different than the one at bar where the determination to incur the legal expenses was made by the trial judge, pursuant to statutory authorization, in advance of trial.

Were Dr. L. to prevail on his bizarre theory, the results would be chaotic. In a case such as this, it is the judge who in the first instance has ordered the legal representation. It is the judge who presides over not only the trial itself but over all of the pretrial maneuvering. The necessity for the

legal services and the value of the legal services are exclusively for the judge to determine.

A legally trained judge is far better able than a jury to assess the quality of legal services. The issue of what pretrial motions and pleadings were valuable or necessary in a case is one essentially beyond the competence of a jury. For a jury to determine the necessity for and value of legal services in a nonjury case would virtually require a retrial of the case before the jury. The assessment of legal fees in divorce actions and custody cases, for instance, would be drawn into chaos if the law were otherwise. Were Dr. L. to prevail, we can imagine a court-appointed criminal defense attorney refusing to accept a fee awarded by the judge and arguing to a jury that the fee should have been far greater.

In a case such as this, the initial decision by the judge to appoint an attorney to act in the interests of the children, the determination by the judge as to the appropriate remuneration for those legal services and the assessment by the judge of the costs for those legal services simply do not represent a "civil action" within the remote contemplation of § 4–402(e).

JUDGMENT IN CASE NO. 171 REVERSED; JUDGMENT IN CASE NO. 710 AFFIRMED; COSTS TO BE PAID BY DR. L., THE APPELLEE IN CASE NO. 171.