**IOWA DEPARTMENT OF SOCIAL SERVICES, Plaintiff,**

v.

**David J. BLAIR, as Judge of the District Court of Iowa, in and for Ida County, Defendant.**

No. 64029.

Supreme Court of Iowa.

July 16, 1980.

Thomas J. Miller, Atty. Gen., and David Fortney, First Asst. Atty. Gen., for plaintiff.

Jeffrey A. Sar of Carter, Sar & Edmonds, Sioux City, for defendant.

McGIVERIN, Justice.

Plaintiff Iowa Department of Social Services (Department) challenges by way of writ of certiorari defendant trial court's order in a dissolution of marriage decree that the Department maintain protective supervision over the minor children of the parties in the dissolution case, alleging that the court was without jurisdiction to enter such an order. We agree with the Department, sustain the writ and remand the case with instructions.

The challenged order stems from the dissolution of marriage of Carol L. and Maynard M. Schoen in Ida County district court. In awarding custody of the four minor Schoen children to Carol by decree on August 28, 1979, the court entered a permanent injunction against Maynard from harming or abusing Carol or the children. The order also placed the children under the "protective supervision" of the Department and delegated to the Department authority to establish and monitor Maynard's visitation rights. In the absence of direction by the Department or upon termination of the service of the Department, Maynard was to have visitation with the children at such reasonable times and places as the parties may agree.

No prior notice had been served on the Department and the order was not entered with the consent of the Department. The Department and defendant judge agree that the Department has in the past exercised supervisory powers over visitation pursuant to court orders in other dissolution cases and that Maynard lacked the financial resources to hire a private social worker or counselor to perform the duties imposed here in the Department.

We granted the Department's petition for writ of certiorari to review the district court's order as it applied to the Department.

"Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally." Iowa R.Civ.P. 306; *City of Webster City v. Draheim*, 292 N.W.2d 406, 407 (Iowa 1980); *Dole v. Harstad*, 278 N.W.2d 907, 909 (Iowa 1979).

■ In its petition the Department contends the court lacked both subject matter and personal jurisdiction to involve the Department in a dissolution of marriage action under chapter 598, The Code. We will address only the subject matter jurisdiction issue, as we find it dispositive of the merits of this petition.

The Department asserts the district court lacks authority to involve the Department in custody decisions made pursuant to a chapter 598 dissolution action, rather than a chapter 232, The Code, juvenile proceeding, relying on the decisions of this court in *In re Marriage of Snyder*, 276 N.W.2d 402 (Iowa 1979) and *In re Marriage of Carrico*, 284 N.W.2d 251 (Iowa 1979).

In *Snyder* we held that a district court could not find a child to be in need of assistance within the meaning of section 232.61(1) and then order placement of the child under the protective supervision of the Department in the context of a chapter 598 custody determination. 276 N.W.2d at 406. In *Snyder* we reserved decision on the present issue of whether the assistance of the Department is available to the dissolution court when a chapter 232 proceeding is not involved and remanded for a supervisory order under which the trial court could use the resources available to it. *Id.*.

In *Carrico* we held that a district court does not possess subject matter jurisdiction to terminate parental rights when the matter before the court is a dissolution. 284 N.W.2d at 255.

The decisions in both cases were based in large part on the exclusive jurisdiction of the juvenile court over such actions. *Id.; Snyder*, 276 N.W.2d at 405–06; *see* § 232.-61(1).

While the district court did not explicitly make a chapter 232 determination in the present case, it did order protective supervision by the Department, a disposition available to the juvenile court in a "child in need of assistance" adjudication under section 232.101. The Department contends that it is only after a chapter 232 proceeding that its services are available in providing protective supervision for children, as that is the only time the legislature has authorized such activity by the Department.

The defendant responds by first noting that an action for dissolution of a marriage sounds in equity, *In re Marriage of Boyd*, 200 N.W.2d 845, 853 (Iowa 1972), and that section 598.21 authorizes the district court to make any order or disposition "as shall be justified" regarding children in a dissolution decree. Given this statutory mandate and the broad power of a court sitting in equity to frame an adequate remedy, defendant argues that the district court did have subject matter jurisdiction to call upon the services of the Department and that these services would be of great value to the parties and the court.

■ We agree that there may be times when the Department may be of considerable aid in supervising custody and visitation in a dissolution of marriage case. We conclude, however, that the district court was without authority to order the involvement of the Department in this case. Administrative bodies, such as the Department,

have only such power as is specifically conferred or necessarily implied from the statute creating them. *Quaker Oats Co. v. Cedar Rapids Human Rights Commission*, 268 N.W.2d 862, 868 (Iowa 1978); *see also Branderhorst v. Iowa State Highway Commission*, 202 N.W.2d 38, 40–41 (Iowa 1972) ("In addition, the general principle obtains that the Commission, like other administrative agencies, does not possess common law or inherent powers, but only the powers which are conferred by statute."). The legislature has provided that the Department may exercise protective supervision over children only as the result of a chapter 232 proceeding, not a dissolution pursuant to chapter 598. Protective supervision is allowed only after a dispositional hearing before the juvenile court. *See* § 232.101. Defendant has not shown us any statutory basis in chapters 217–255, The Code, relating to the Department, which would allow for the Department's involvement with visitation arrangements under dissolution decrees. We acknowledge that a court sitting in equity necessarily has considerable flexibility in framing a remedy, a fact reiterated by the language of section 598.21. Yet a court cannot expand the authority of an administrative agency beyond that established by statute. To allow such would be to endorse a usurpation of the role of the legislature. Just as a district court in a dissolution of marriage case is without jurisdiction to make chapter 232 adjudications, *see Carrico; Snyder*, it is also without authority to utilize remedies which can only follow from chapter 232 adjudications.

Therefore, we hold that the district court lacked subject matter jurisdiction to utilize the services of the Department in this dissolution of marriage action without there first having been a chapter 232 adjudication by the juvenile court. Any cases from which a contrary conclusion may be inferred are no longer controlling.

■ In so holding, we do not mean to preclude departmental involvement if approached through the appropriate channels. As we noted in *Carrico*, 284 N.W.2d at 255, and *Snyder*, 276 N.W.2d at 406, if a district court believes that there is a basis for a child in need of assistance proceeding, it should refer the matter to the appropriate authorities. *See* §§ 232.69(2), 232.70, and 232.87, The Code.

Plaintiff's petition for a writ of certiorari to the Ida District Court is sustained and the case is remanded to allow the district court to order an alternative disposition as to visitation, if appropriate, consistent with this opinion.

WRIT SUSTAINED, REMANDED WITH INSTRUCTIONS.