**IOWA DEPARTMENT OF HUMAN SERVICES, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR CHEROKEE COUNTY, Defendant.**

No. 88–1794.

Supreme Court of Iowa.

Oct. 18, 1989.

As Corrected Oct. 24, 1989.

Rehearing Denied Nov. 22, 1989.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellant.

Joseph J. Straub, Algona, pro se.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

LARSON, Justice.

When the marriage of Nanette and Timothy Frerichs was dissolved, the district court was concerned about the fitness of either parent to care for their five-year-old son, Cory. The decree granted temporary custody to the Cherokee County Department of Human Services (department) and primary physical care to Cory's father pending a final custody hearing. The department was ordered to make an investigation of both parents, "regarding their home conditions, parenting capabilities, and other matters pertinent to the best interests of the child." [1]

The department challenged the court's granting of custody to it, contending that the court lacked authority to involve the department in a dissolution case except to order it to conduct investigations of the parties as provided by Iowa Code section 598.12(2) (1987). We granted the department's application for a writ of certiorari and, concluding that the court acted beyond its authority in granting custody to the department, now sustain the writ.

Both of Cory's parents are chemically dependent and financially unstable. His mother has left him in the care of others for extended romantic trysts, and his father has endangered Cory's life with his drunken driving. His mother was charged with possession of cocaine with intent to deliver and pleaded guilty to a reduced charge.

It is understandable that the court was concerned about Cory's future. But a dissolution court's reliance on the department has its limitations. Unfortunately, the court's order here required the department to go beyond the investigative responsibilities assigned to it by Iowa Code section 598.12 by involving it in the type of custody supervision which we criticized in *Iowa Department of Social Services v. Blair*, 294 N.W.2d 567 (Iowa 1980).

In *Blair*, the district court also had misgivings about the parenting abilities of the parties in a dissolution action and ordered that the children be placed under the "protective supervision" of the department of social services, predecessor to the department of human services. The department challenged the authority of the court to enter the order in question, arguing that "protective supervision" is an option available after a child-in-need-of-assistance juvenile proceeding under chapter 232 but not

---

1. Prior to submission of the appeal, there was a final custody order entered in the dissolution action. This rendered the present case moot; however, because the problem apparently is a recurring one, we address the issue on its merits.

in a dissolution action under chapter 598. *Blair*, 294 N.W.2d at 569.

We noted that a court has wide flexibility in framing a remedy in equity but that a protective supervision order in a dissolution case went too far, saying:

> We agree that there may be times when the Department may be of considerable aid in supervising custody and visitation in a dissolution of marriage case. We conclude, however, that the district court was without authority to order the involvement of the Department in this case. Administrative bodies, such as the Department, have only such power as is specifically conferred or necessarily implied from the statute creating them. The legislature has provided that the Department may exercise protective supervision over children only as the result of a chapter 232 proceeding, not a dissolution pursuant to chapter 598. Protective supervision is allowed only after a dispositional hearing before the juvenile court.

*Blair*, 294 N.W.2d at 569–70 (citations omitted).[2]

The district court concluded that *Blair* does not prevent involvement of the department because of a post-*Blair* amendment to section 598.12 which provides:

> The court may require that the department of human services or an appropriate agency make an investigation of both parties regarding the home conditions, parenting capabilities, and other matters pertinent to the best interests of the child or children in a dispute concerning custody of the child or children. The investigation report completed by the department of human services or an appropriate agency shall be submitted to the court and available to both parties. The investigation report completed by the department of human services or an appropriate agency shall be a part of the record unless otherwise ordered by the court.

The decree in this case ordered an "investigation of both the petitioner and the respondent regarding their home conditions, parenting capabilities, and other matters pertinent to the best interests of the child." This portion of the decree was proper; this is the type of departmental involvement contemplated by section 598.-12(2). But the decree went further; it granted temporary *custody* to the department until further order of the court or until a final custody order was entered which, the court provided, "will be held no sooner than final disposition of the criminal charges which are pending against the [mother]."

Neither chapter 232 (juvenile justice chapter) nor chapter 598 (dissolution chapter) suggests that such physical custody may be granted to the department. The department could, of course, be required to provide for the care of a child in an emergency situation, but that is not the case here. We believe that placement of bare legal custody in the department, with primary physical care granted to the father, is the equivalent of an order for "protective supervision" and therefore prohibited by *Blair*.

The amendment to section 598.12, we believe, did not legitimize such procedure; it simply reinforces the view of this court in *Blair* that the department is to be involved in dissolution cases only in its investigative capacity. We agree with the department that the court acted beyond its authority and therefore sustain the writ of certiorari.

**WRIT SUSTAINED.**

---

**2.** In the present case, the court entered a separate order, before the decree, directing the department to make an investigation "as quickly as possible and make recommendations to the Cherokee County Attorney whether or not proceedings should be initiated to determine if Cory Frerichs is a child in need of assistance." The department does not challenge this order, and it is not involved in this appeal.