The FEDERAL LAND BANK OF
OMAHA, a Corporation,
Appellee,

v.

Carl L. RECKER and Mary L.
Recker, Appellants.

No. 89–984.

Court of Appeals of Iowa.

June 26, 1990.

J.D. Villont of Donohue Law Office, P.C., West Union, for appellants.

Dale L. Putnam of Putnam & Strand Law Office, Decorah, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

OXBERGER, Chief Judge.

The defendants, Carl and Mary Recker, appeal from a district court order denying their motion for discharge of a deficiency judgment pursuant to Iowa Rule of Civil Procedure 256. The Reckers argue that Iowa Code section 654.6 was inapplicable to the present case because the two-year limitation period of Iowa Code section 615.1 barred any attempt by the plaintiff, the Federal Land Bank (Bank), to recover on the deficiency. We affirm.

On October 17, 1983, a personal judgment and decree of foreclosure was entered against the Reckers in favor of the Federal Land Bank. Shortly thereafter, the Reckers filed for bankruptcy. On December 1, 1985, the automatic stay was lifted. On February 19, 1986, the Federal Land Bank obtained an additional *in rem* judgment and decree of foreclosure on additional property to satisfy a deficiency. The property which had been subject to the foreclosure judgment was sold at a sheriff's sale on September 25, 1986, resulting in a substantial deficiency.

On September 21, 1987, the Bank filed a motion to set aside additional properties pursuant to Iowa Code section 654.6. The Reckers filed a resistance to the motion to determine and set aside assets, but did not challenge the application on the grounds that section 654.6 did not apply. On February 19, 1988, the district court entered an order finding section 654.6 applicable, and set aside certain assets. The Reckers did not appeal this ruling.

On March 23, 1989, the Reckers filed a motion for discharge of judgment pursuant to Iowa Rule of Civil Procedure 256. The Reckers, however, did not contest the applicability of section 654.*6*, but rather argued that section 615.1 prevented any recovery by the Bank on the deficiency. The district court rejected their arguments, and held that 654.6 was applicable to the present case. The Reckers subsequently applied for a motion to reconsider and enlarge, which the district court overruled. The Reckers have subsequently filed this appeal.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *Insurance Agents, Inc. v. Abel*, 338 N.W.2d 531, 533 (Iowa App.1983). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The Reckers contend that pursuant to Iowa Code section 615.1, the Bank had two years from October 1983 to enforce its judgment. The Reckers next point out that their bankruptcy would have tolled the two-year period, but that their bankruptcy stay was lifted in December 1985. Thus, over two years would have elapsed since judgment. The Reckers maintain that Iowa Code section 654.6, passed by the Iowa legislature in 1986, does not automatically toll the running of that time period.

Iowa Code section 615.1 (1989) provides that no judgment in an action for foreclosure of a real estate mortgage shall be enforced and no execution issued thereon and no force or effect given thereto for any purpose other than as a setoff or counterclaim after two years from judgment entry. Iowa Code section 654.6, passed by the Iowa legislature at the height of Iowa's farm crisis in 1986, provided for execution on deficiency judgment, but went on to provide that a deficiency judgment would not be enforceable until July 1, 1991, if all of the following criteria applied:

1. The mortgaged property is agricultural land.

2. The mortgagor was actively engaged in farming the agricultural land upon the commencement of the action which resulted in a deficiency judgment.

3. The action was for the foreclosure of a first mortgage on the agricultural land or for the enforcement of an obligation secured by a first mortgage on the agricultural land.

4. The first mortgage secures a loan obligation, where a condition for the making of the loan was that the borrower purchase or own stock in the entity making the loan or in an entity related to

the lending entity. This requirement is satisfied if there was such a condition at the time the original loan was made.

5. The mortgagor does not exercise the exemptions provided under section 627.6 in relation to the deficiency judgment or a general execution premised upon the deficiency judgment.

Section 654.6 further provided that "[t]he running time periods affecting the enforceability of the deficiency judgment or general execution is suspended until July 1, 1991."

In *Federal Land Bank of Omaha v. Lockard*, 446 N.W.2d 808 (Iowa 1989), the Iowa Supreme Court ruled that section 654.6 was unconstitutional since the section applied only to lenders who required purchase of stock as condition for a loan. The court went on to hold that those institutions who had been unable under the statute to obtain deficiency judgments within the parameters of section 615.1 would be granted two years from July 1, 1990, to enforce their judgments. The Reckers argue that section 654.6, and the equitable relief provided by *Lockard*, do not apply to the present case on two grounds: (1) that the present case was not pending on June 1, 1986, the effective date of section 654.6, and (2) that pursuant to section 654.6(5), they had exercised the exemptions provided under Iowa Code section 627.6.

We initially note that the Reckers at no time alleged during the course of proceedings that section 654.6 was not applicable to the present case. The Reckers did not allege that section 654.6 was inapplicable in their resistance to the Bank's application to set aside assets filed on October 26, 1987. The Reckers did not appeal an order of the court setting aside assets pursuant to section 654.6. The Reckers' motion for discharge of judgment, filed on March 23, 1989, did not attack the validity of section 654.6 to their case. Nor did the Reckers question the applicability of section 654.6 in their application to reconsider the district court's denial of their motion for discharge. During the April 3, 1989, hearing on the motion for discharge, counsel for the Reckers did, however, point out that there was a question as to the applicability of section 654.6.

It is axiomatic that we will generally not consider issues raised for the first time on appeal. *Kroblin v. R.D.R. Motels, Inc.*, 347 N.W.2d 430, 434 (Iowa 1984). In the present case, the district court's order of February 19, 1988, authorizing the setting aside of assets, concluded that section 654.6 was applicable to the present case. No appeal was taken from that ruling. Nor was the issue raised in the Reckers' motion for discharge of judgment. It would appear that the Reckers are untimely in raising the applicability of section 654.6.

Even assuming, *arguendo*, that this issue was properly preserved on appeal, we believe that the principles enunciated in *Lockard* are controlling in the present case. The original judgment and decree of foreclosure was filed on October 17, 1983. The decree provided, as in *Lockard*, that the district court would retain jurisdiction for the purpose of entering any necessary orders in the future. *See Lockard*, 446 N.W.2d at 809. A personal judgment against the Reckers' remaining property was obtained by the Bank on February 19, 1986. All of the mortgaged property, including that property involved in the original decree, was sold at a sheriff's sale in September 1986. A deficiency judgment was created at that time since the sale proceeds were for less than the judgment. On September 25, 1987, the Bank filed a motion to determine and set aside assets. Pursuant to a court order, the Reckers were required to file a balance sheet listing their remaining assets. Numerous other motions were filed in this case until 1989. We believe those actions outlined above are all interconnected with the original decree and the resulting deficiency judgment, and we hold that the present case was still pending when section 654.6 became effective on June 1, 1986.

In summary, we conclude that section 654.6 is applicable to the present case, and that the Bank shall have two years from July 1, 1990, to enforce its deficiency judg-

ment, such action not to commence before July 1, 1990. *Lockard,* 446 N.W.2d at 810.

AFFIRMED.

SCHLEGEL, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur specially.

I concur with the majority that the issue of the application of Iowa Code section 654.6 to this case was previously decided and no appeal taken therefrom.

I disagree, however, that the dictates of *Federal Land Bank of Omaha v. Lockard,* 446 N.W.2d 808 (Iowa 1989) are applicable here.