# IN THE COURT OF APPEALS OF IOWA

No. 21-1001
Filed August 17, 2022

**KIMBERLY A. MEEK,**
  Petitioner-Appellant,

**vs.**

**GARY BROWN, JR.,**
  Respondent-Appellee.

_____

  Appeal from the Iowa District Court for Tama County, Andrew B. Chappell, Judge.

  Kimberly Meek appeals the district court's denial of her petition to modify a custody decree. **AFFIRMED.**

  Melissa A. Nine of Nine Law Office, Marshalltown, for appellant.

  Fred Stiefel, Victor, for appellee.

  Considered by Bower, C.J., Schumacher, J., and Vogel, S.J.*

  *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BOWER, Chief Judge.**

Kimberly Meek appeals the district court's denial of her petition to modify a custody decree. We affirm the district court's legal custody ruling and the modification of Gary's visitation.

**I. Background Facts & Proceedings.**

Kimberly and Gary are the unmarried parents of twins born in 2011. Kimberly and Gary have had various hearings and stipulations regarding custody of the twins since 2014, including an order dated April 1, 2019. Under the 2019 order, Kimberly and Gary have joint legal custody, Kimberly has physical care, Gary has visitation during the day on alternating weekends and three one-week visits in the summer (subject to supervision and caretaking requirements).

In the summer of 2019, the State filed child-in-need-of-assistance (CINA) petitions based on Gary's failure to properly supervise the children, specifically relating to conduct of a relative with the children. The precipitating incidents occurred before April 2019 but were reported and investigated after the custody order. The children were initially removed from Gary's custody, but an August 2019 adjudicatory order returned custody to Gary while requiring his visits with the children be fully supervised.[1] The CINA proceedings were ongoing.

In October, Kimberly and Gary filed a stipulation in these proceedings that Gary was in contempt of the April 2019 custody order by violating provisions relating to supervision of the children, working during summer visitation, failing to

---

[1] Gary's visits since spring 2020 have been supervised by Kimberly or her mother because of service providers' staffing challenges related to COVID-19.

ensure the children took prescribed medication, preventing access to technology which would allow the children to contact Kimberly, and failing to pay child support.

In December 2019, Kimberly filed a petition for modification of the custody decree with the district court, seeking sole legal custody and requesting Gary's visits be changed to supervised visitation once a week. Gary resisted any changes.

In separate proceedings in June 2020, a court found one of the twins had been abused by a relative during Gary's parenting time in an incident predating the April 2019 custody order. In the CINA proceedings, the juvenile court entered an August 2020 review order, noting Gary did not support the twins in their claims against his family member. The juvenile court found supervised visits were in the children's best interests because Gary was not fully participating in the recommended therapy or addressing safety concerns.

A custody modification trial was held on March 9, 2021. The district court determined Kimberly fell short of justifying a modification of legal custody; the court found her complaints of inadequate supervision appeared to be isolated incidents rather than a permanent change and thus were more appropriate for contempt proceedings.[2] The court determined indefinite supervised visitation was not the best option and ordered Gary's weekend daytime visits be restored "at such time

---

[2] The modification order included a contempt ruling, finding Gary had purged part of his contempt sentence and could purge eight more days through filing taxes and paying child support arrearages by specific deadlines and ordering Gary to serve two days in jail.

that the juvenile court removes the requirement for supervised visits or otherwise closes its case."

Kimberly appeals.

## II. Standard of Review.

We review proceedings tried in equity de novo. *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). We review the entire record and adjudicate the issues properly presented anew. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). However, because the district court had the opportunity to hear the evidence and view the witnesses firsthand, we give weight to the district court's findings even though they are not binding. *Christy*, 878 N.W.2d at 464. "In child custody cases, the first and governing consideration of the courts is the best interests of the child." Iowa R. App. P. 6.904(3)(o).

## III. Analysis.

Iowa Code chapter 600B (2019) governs cases of paternity, custody, visitation, and support between unmarried parties. *Montgomery v. Wells*, 708 N.W.2d 704, 707 (Iowa Ct. App. 2005). Section 600B.40 directs the court to apply the factors found in Iowa Code section 598.41—governing custody of children in marriage dissolution cases—to custody and visitation arrangements for children of unmarried parents.

On appeal, Kimberly asserts the court erred in not deferring to the juvenile court's recommendation to place sole legal custody with Kimberly and require Gary's visits be supervised indefinitely. Kimberly also asserts Gary should pay her trial and appellate attorney fees.

**A. Custody modification.** Courts may modify the custodial terms of a custody decree "when there has been a substantial change in circumstances since the time of the decree, not contemplated by the court when the decree was entered, which was more or less permanent, and relates to the welfare of the child." *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). "[O]nce custody of children has been fixed it should be disturbed only for the most cogent reasons." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). Our state favors joint legal custody, deviating "only under the most compelling circumstances." *In re Marriage of Winnike*, 497 N.W.2d 170, 173 (Iowa Ct. App. 1992). But a parent can overcome that preference with "clear and convincing evidence . . . that joint custody is unreasonable and not in the best interest of the child." Iowa Code § 598.41(2)(b).

The changes in circumstances cited by Kimberly are Gary's admitted violations of the supervision, medication, and electronic access provisions of the April 2019 decree, which resulted in the court finding Gary in contempt. The district court concluded Kimberly's concerns either already existed and were addressed in the April 2019 decree or did not appear permanent in nature.

The only circumstance that might give us pause is the CINA case. But the precipitating event underlying the CINA occurred before the April 2019 decree modification, though investigated and adjudicated after the modification. Gary's failure to supervise was specifically addressed in the April 2019 modification of the custody decree. In fact, Gary's lack of supervision resulted in a decrease in visitation time by eliminating weekend overnight visits. The juvenile court's CINA

review order finding supervised visits were in the children's best interests because Gary was not fully participating in the recommended therapy or addressing safety concerns was six months old at the time of the modification trial. And Gary testified he had since begun attending the children's therapy and was working on the juvenile court's areas of concern. The district court clearly considered the juvenile court's order, but the relevant factors and the court's perspective were different. As the district court observed, Gary's violations since the 2019 order are more appropriately the subject of contempt proceedings. The court issued a ruling of contempt.

Considering all the facts and circumstances, we agree Kimberly has failed to establish a permanent and substantial change in circumstances to justify severing the legal custodial relationship between Gary and the children.

**B. Supervised visits.** The party seeking a modification of visitation must establish a material change in circumstances by a preponderance of the evidence. *Christy*, 878 N.W.2d at 464. This is a lower standard than required for a custody modification. *Id.* But we keep in mind "the prevailing principle that the best interests of children are ordinarily fostered by a continuing association with the noncustodial parent." *Id.* (citation omitted).

The district court expressed concern of the impact permanent supervised visitation would have on the children's relationship with Gary. The court acknowledged the difficult position Gary was in with conflicting stories from the children and his other family member on the allegations from the CINA case. The court clarified supervision requirements during Gary's summer visits and made

provisions in the event Gary cannot meet them. The court also noted the resumption of weekend and summer visits would only take effect after the juvenile court removed the supervision requirement.

This family has been torn apart since the 2019 decree, and it will take genuine effort on Gary's part to rebuild his relationship with his children. As the juvenile court noted in the August 2020 CINA review order, the best way forward for the children involves Gary's participation in their counseling sessions to work through their miscommunications and family turmoil. The district court agreed, observing Gary's participation in therapy with the children would be "the closest thing he will ever have to a fast track back to 'normalcy' in his visitation." We, too, consider his participation in therapy with the children to be important in helping Gary rebuild their familial relationship and trust.

Ordering permanent supervised visitation would remove any impetus for Gary to work on his relationship with the children and cooperate with the juvenile court's recommendations. The juvenile court has provided Gary the path back to unsupervised visitation, and the district court added additional safeguards once unsupervised visitation is allowed. We affirm the district court's modification of the terms of visitation.

**C. Attorney fees.** Iowa Code section 600B.26 provides "the court may award the prevailing party reasonable attorney fees" in a custody or visitation modification action. Because Kimberly was not the prevailing party below, the court had no discretion to award her reasonable attorney fees.

"Appellate attorney fees are not a matter of right but may be awarded as a matter of discretion." *Hensch v. Mysak*, 902 N.W.2d 822, 827 (Iowa Ct. App. 2017). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Based on these factors, we decline to award appellate attorney fees to either party. Any court costs shall be split equally.

**AFFIRMED.**