# IN THE COURT OF APPEALS OF IOWA

No. 22-0304
Filed November 17, 2022

IN RE THE MARRIAGE OF STEPHANIE KAY MAKELA
AND WAYNE L. MAKELA

Upon the Petition of
STEPHANIE KAY MAKELA,
      Petitioner-Appellee,

And Concerning
WAYNE L. MAKELA,
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, Henry W. Latham II,

Judge.

Stephanie Makela appeals the district court's order on Wayne Makela's

petition to modify the parties' dissolution decree. **AFFIRMED IN PART AND**

**MODIFIED IN PART.**

M. Leanne Tyler of Tyler & Associates, PC, Bettendorf, for appellant.

Dawn D. Long of Howes Law Firm, Cedar Rapids, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

In this appeal from an order modifying a dissolution of marriage decree, we are asked to resolve questions of legal custody and visitation.

Wayne and Stephanie Makela married in 2011, had two children in 2012 and 2014, and divorced in 2016. The trial court granted Stephanie sole custody of the children in light of Wayne's conviction and incarceration in Wisconsin for second-degree sexual assault of a child. The court denied Wayne in-person visits with the children but granted a motion to allow telephone contact and correspondence. The court of appeals affirmed the decision. *See In re Marriage of Makela*, No. 16-1034, 2017 WL 2181544, at *5 (Iowa Ct. App. May 17, 2017).

Approximately four years later, Wayne filed a petition to modify the decree. He sought joint rather than sole legal custody and "appropriate temporary and permanent orders for visitation." He cited several factors, including his prison release the prior year, his "successful completion of [s]ex [o]ffender 2 treatment," his "additional training and employment to be able to provide financially for the children," and Stephanie's "limited willingness to provide information in the best interest of" the children.

Following a hearing, the district court (1) found a material and substantial change of circumstances for modification of legal custody and visitation; (2) modified the decree to provide for joint legal custody of the children, with carve outs for education and medical care; and (3) afforded Wayne immediate "video contact" with the children "twice weekly," "supervised visitation . . . for a period of two hours" after sixty days, "supervised visitation . . . for a period of four hours" after ninety days to last for four months, and six-hour supervised visits thereafter.

Finally, the court ordered supervised overnight visits "on a monthly basis" to "begin on a mutually agreed upon Saturday at 11:00 a.m. and conclude on Sunday at 5:00 p.m. Stephanie appealed.

"To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *In re Marriage of Winnike*, 497 N.W.2d 170, 173 (Iowa Ct. App. 1992). The legislature has identified certain circumstances that may or must constitute a substantial change. *See, e.g.*, Iowa Code §§ 598.21D (2021) (allowing the court to consider relocation of 150 miles or more "a substantial change of circumstances"), 598.41A(2) (requiring the court to consider a convicted sex offender's conditional release and successful completion of a treatment program as "a substantial change of circumstances" for purposes of visitation).

The district court found a substantial change of circumstances warranting a modification of legal custody and visitation. The court based its conclusion on Iowa Code section 598.41A(2), which states:

> Notwithstanding section 598.41, an individual who is a parent of a minor child and who has been convicted of a sex offense against a minor as defined in section 692A.101, is not entitled to visitation rights while incarcerated. While on probation, parole, or any other type of conditional release including a special sentence for such offense, visitation shall be denied until the parent successfully completes a treatment program approved by the court, if required by the court. *The circumstances described in this subsection shall be considered a substantial change in circumstances.*

(Emphasis added.) That provision applies to visitation rights. A court is obligated to find a substantial change of circumstances for purposes of modifying visitation

following a sex offender's conditional release and successful completion of a treatment program. It does not appear the same circumstances will amount to a substantial change for purposes of modifying legal custody. Accordingly, we apply the general modification standard to Wayne's request for a modification of legal custody. *See In re Marriage of Hute & Baker*, No. 17-0046, 2017 WL 3283382, at *6 (Iowa Ct. App. Aug. 2, 2017) ("As a general rule, a party seeking to modify the custodial provisions of a decree must prove 'by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to [change legal custody]'" (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983))).

Stephanie argues Wayne failed to establish a material and substantial change of circumstances to support modification of sole legal custody. She notes that, despite his release from prison, Wayne was on "lifetime parole/supervision by the State of Wisconsin including lifetime monitoring by a global positioning device."

"'[J]oint legal custody' means an award of legal custody of a minor child to both parents jointly under which both parents have legal custodial rights and responsibilities toward the child and *under which neither parent has legal custodial rights superior to those of the other parent*." Iowa Code § 598.1(3) (emphasis added). "Rights and responsibilities of joint legal custody include but are not limited to *equal participation in decisions* affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." *Id.* (emphasis added).

The district court modified the dissolution decree to afford the parents joint legal custody, stating the modification was necessary "to provide Wayne the

opportunity to be involved at a level that would provide him access to the children's teachers, educational records, medical providers, and medical information." The provision was actually a hybrid form of legal custody. *See In re Marriage of Milne*, No. 20-0228, 2020 WL 5230461, at *4 (Iowa Ct. App. Sept. 2, 2020). While putatively affording the parents "joint legal custody," certain joint legal custodial rights were "unbundled." *Id.* Stephanie "retain[ed] the sole responsibility for determining the place of education for the benefit of the children" and "the sole responsibility of determining individuals providing medical care for the benefit of the children."

In *Milne*, the court of appeals questioned whether this type of unbundling is permissible. *See* 2020 WL 5230461, at *4. We stated, "Chapter 598 appears to consider joint custody and sole custody as all-or-nothing propositions." *Id.* We also stated chapter 598 does "not mention assigning sole decision-making authority for some responsibilities of child-rearing and joint participation for others." *Id.* Ultimately, we found it unnecessary to resolve the legality of unbundling in light of our conclusion that the father was entitled to sole legal custody. *Id.* at *5; *see also Moses v. Rosol*, No. 21-1091, 2022 WL 949749, at *3 n.5 (Iowa Ct. App. Mar. 30, 2022) ("We do not consider whether it is permissible to maintain joint legal custody while giving one parent sole decision-making authority over medical care issues").

We find it necessary to confront the issue in order to decide whether there was a substantial change of circumstances warranting modification of the legal custody provision. As we suggested in *Milne*, the statutory definition of "joint legal custody" leaves no room for a parceling of rights. Indeed, we have indicated that

a less-than-complete award of joint custodial rights is actually an award of sole rather than joint legal custody. *See, e.g.*, *Armstrong v. Curtis*, No. 20-0632, 2021 WL 210965, at *4 (Iowa Ct. App. Jan. 21, 2021) ("In unbundling the authority to make medical and educational decisions and awarding that power to [the father], the court in effect awarded [the father] sole legal custody over those issues."); *Kocinski v. Christiansen*, No. 20-1721, 2021 WL 5106051, at *4 (Iowa Ct. App. Nov. 3, 2021) (addressing district court's award of joint legal custody, subject to "boundaries on the terms of legal custody," and stating that, "[b]ecause [the father] concede[d] the language of the modification ruling grant[ed] [the mother] sole legal custody", it was unnecessary to "address the issue of hybrid legal custody").[1] We find the reasoning persuasive. When a court grants one parent a greater share of the legal rights subsumed within the definition of joint legal custody, we conclude the award is one of sole legal custody rather than joint legal custody. It follows that the district court's decision to grant Stephanie exclusive control over selection of the children's schools and medical providers maintained her award of sole legal custody.

In effect, the court concluded Wayne was not yet ready to exercise the full panoply of legal rights. By declining to afford Wayne the entire bundle of joint

---

[1] In the instances where we have affirmed a less-than-equal allocation of joint custodial rights, we have done so without addressing whether the unbundling of rights makes the award one of sole legal custody. *See Sloan v. Casey*, No. 15-0921, 2015 WL 9451093, at *7–8 (Iowa Ct. App. Dec 23, 2015) (affirming joint legal custody provision with a limitation that the father would "be the sole parent to schedule all routine medical appointments"); *In re Marriage of Bates*, No. 11-1293, 2012 WL 1440340, at *3–4, (Iowa Ct. App. Apr. 25, 2012) (affirming the district court's award of joint legal custody "with the restriction that [the father] was to have the exclusive right to make health care decisions for the children").

custodial rights, the court effectively determined that circumstances since his incarceration had not substantially changed. *See Frederici*, 338 N.W.2d at 160 ("A finding that either parent is a suitable legal custodian is an essential predicate to an award of joint custody."); *cf. In re Marriage of Smith*, No. 07-1253, 2008 WL 2746316, at *6 (Iowa Ct. App. July 16, 2008) (denying a challenge to modification of sole legal custody to the father and limiting the mother to supervised visitation, where the child had "been sexually abused a third time while in the care of her mother"). The record supports the court's determination.

Although Wayne sought modification of the legal custody determination based on his participation in the "treatment 2" program in prison, he testified at his dissolution trial that the program was "the shortest program available to all sex offenders." Wayne testified at the modification hearing that he also "did a sex offender treatment aftercare program" for "approximately three or four months" following his release, which met "once a week for two hours." But he acknowledged his visits with the children would remain fully supervised and subject to approval by his parole officer. And he acknowledged he would need time to develop a relationship with the children. He also required time to gain an understanding of Iowa's sex offender rules, including limitations on his access to certain venues. In short, Wayne was not in a position at the time of the modification hearing to gain full legal custodial rights to the children. *See Hute & Baker*, 2017 WL 3283382, at *3 ("It is not in the children's best interest to vest [the father] with equal participation rights in fundamental decisions regarding the children when he has sexually abused one of them, is a stranger to them, and lacks experiential history to make an informed choice for them.").

We recognize Stephanie rebuffed Wayne's efforts to obtain educational and medical information about the children. But, as the court noted in *Hute and Baker*, "less drastic remedies were available to provide [the father] with information regarding the children . . . without a change in the custody provisions of the decree." *Id.* The court cited Iowa Code section 598.41(1)(e), which affords "both parents . . . legal access to information concerning the child, including but not limited to medical, educational and law enforcement records." *Id.* We agree with this reasoning. On our de novo review, we conclude Wayne did not establish a substantial change of circumstances warranting modification of the legal custody provision

The same cannot be said of visitation. As discussed, section 598.41A(2) requires a finding of a substantial change of circumstances in Wayne's situation. In light of the statutory language, Stephanie concedes the substantial-change requirement was satisfied for purposes of modifying visitation. But she strenuously argues the expansion of visits and the supervisors named to oversee them did not serve the children's best interests. On our de novo review, we partially agree.

Stephanie called a social worker as an expert witness. She opined visits with the father were not in the children's best interests. The district court declined to rely on her opinion because "the expert did not have any direct contact with any individual in the case and spoke in generalities." We agree that her opinion was to some extent premised on generalities. But she also relied on a risk assessment prepared by the correctional facility, which rated Wayne as a high risk for supervision. The social worker opined that anyone "in a high-risk category is not working their treatment plan, is not working that safety plan and is not being honest

about" triggering factors. She further opined that the risk assessment author's concerns about Wayne's ability to avoid risky situations "[a]bsolutely" would give her pause. This specific testimony drawn from Wayne's history supported the district court's gradual implementation of a visitation plan. At the same time, the testimony leads us to conclude that the last phase of the plan authorizing monthly overnight visits is not in the children's best interests. Accordingly, we affirm the phased-in two- to six-hour visits but we modify the plan to eliminate the monthly overnight visits.

Both parents seek appellate attorney fees. An award rests within our discretion. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). As in *Michael*, both parties partially prevailed, and both parties have the resources to pay their own fees. Accordingly, we deny their requests.

Our disposition is as follows. Because the award of less than equal custodial rights meant that Stephanie retained her rights as sole legal custodian of the children, we modify the determination that there was a substantial change of circumstances warranting modification of the legal custodial relationship. We conclude she maintained sole legal custody of the children. We affirm the district court's conclusion that there was a substantial change of circumstances warranting a modification of the visitation provision of the decree, and we affirm all portions of the visitation plan except the overnight visits. We modify the decree to eliminate those visits.

**AFFIRMED IN PART AND MODIFIED IN PART.**